FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2003 SEP -2 P 2:49

SIGN
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

Jerrod A. Wilson

Enter above the full name of the plaintiff or plaintiffs in this action.

254839
Doc Number

03CV666-A-M2

VERSUS

Kevin Groom, Rayburn Deville, Joseph Turner, David Bonnette,
Billy Orr, Sergeant Willis, John A. Doe, Burl Cain,
Wilbert Jacobs, Sergeant Scott, Eddie Veal, Richard Stalder
Alton Montgomery, Willie Thomas, John B. Doe,

Enter above the full name of the defendant or defendants in this action.

Individually and official capacities

COMPLAINT

I. PREVIOUS LAWSUITS:

a. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes (✓) No ( )

b. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiffs: Jerrod A. Wilson

Defendants: Kevin Groom, Billy Orr, R. Rachel, David Bonnette, Burl Cain and Richard Stalder



| INITIALS | DOCKET# |
|---|---|
| KS | 1 |

2. Court (if federal court, name the district; if state court name the parish): 19th JDC, Middle District Court

3. Docket number: 19th JDC, #472878 (See Attached Document)

4. Name of Judge to whom case was assigned: R. Morgan, Mag. D. Dalby Mag. C. Noland

5. Disposition (for example, was the case dismissed? Was it appealed? Is it still pending?): Dismissed without prejudice

6. Approximate date of filing lawsuit: February 21, 2003

7. Approximate date of disposition: June 26, 2003
See Attached Document case dismissed Frivolous, malicious etc.

II. PLACE OF PRESENT CONFINEMENT: La. State Penitentiary, Angola La. 70712

a. Is there a prisoner grievance procedure in this institution?

Yes ( ✓ ) No ( )

b. Did you present the facts relating to your complaint in the prisoner grievance procedure?

Yes ( ✓ ) No ( )

c. If your answer is YES:

1. What steps did you take? Grievance steps ARP-LSP-2000-1242

2. What was the result? No relief was given.

d. If your answer is NO, explain why not? Prison officials attempt to avoid this civil litigation.

Docket numbers Middle District: 00-714-C-M3; 00-945-C-M2; 02-0278-C-M2, 03-137-C-M3.

Cases Dismissed

Middle District cases CA-00-827-M1, 00-CV-0944-M3, CA-01-0059-M1, CA-01-0033-M1, 00-0808-A-M3
Western District cases CA-97-0292.
Fifth Circuit, Court of Appeal, 01-30607, 01-31041 all other docket numbers are unavailable due to defendants security are refusing to give me (3) three of my bundles of legal material.

III. PARTIES:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

a. Name of plaintiff: Jerrod A. Wilson #254839

Address: Gator 3-R-13, Louisiana State Penitentiary, Angola, La. 70712

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.)

b. Defendant See Attached Documents is employed as ______ at ______

c. Additional Defendants: See Attached Documents

IV. STATEMENT OF CLAIM:

State here as briefly as possible the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. If you intend to allege a number of related claims, number and set forth each claim in a seperate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

See Attached Documents

IV. STATEMENT OF CLAIM (Continued).

See Attached Documents

PlaintiFF Jerrod Wilson, is a prisoner residing at Louisiana state Penitentiary, Angola Louisiana. He has been confined at all times complained of herein and he is a natural citizen of the United States and the state of Louisiana.

Preliminary Statement

This is a civil rights action Filed by Jerrod Wilson, a state prisoner. For monetary damages and injunctive relief in interest of justice, alleging cruel and unusual punishment/excessive use of Force-by chemical pepper gas mace, deprivation of shower after being maced, unlawfully restraining to an iron bed for (4)-days. Further deprivations as of showers, Food, water to drink, clothing, use a toilet/restroom and nor exercise For a period of (4)-days due to being restrained to a iron bed, in violation of the Eighth Amendment to the United States Constitution, Further in violation of breach of contractual obligation of Federal consent decree. The Failures to intervene/supervise the conditions of Louisiana State Penitentiary, camp-J management program of prisoners confinement in

Segregation constituted deliberate indifference. The plaintiff also alleges a tort of assault and battery, also negligence causing injuries to plaintiff's head, face, eyes, neck, chest, stomach, arms, back, hands and legs damages including emotional distress, fright and shock, embarrassment due to having him let human waste out while laying restrained to a iron bed, humiliation or mortification.

## Jurisdiction

1. This Court has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. 1331, 1343, 2201, 2202; 42 U.S.C. 1983; Fed. R. Civ. Proc. #65 and 71, also supplemental jurisdiction under 28 U.S.C. 1367.

2. Pendent jurisdiction is invoked to holds defendants liable pursuant to La. Civ. C.P. Arts. 2315-2324, and for breach of contractual obligation of the Ralph V. Dees, 71-94 (M.D. La. 1975), Federal consent decree and conditions of confinement which violates plaintiff's state created rights under Article I, section 1, 2, 3, 4, 5, 7, 8, 9, 12, 20, 23 and 24 of the Louisiana Constitution of 1974; La. R.S. 28:171 (A)-(S);

La. R.S. 15:828-832; La. R.S. 36:404 (A)-4 and (B)-6.

Parties

3. The plaintiff Jerrod Wilson, is presently incarcerated at Louisiana State Penitentiary in Angola during the events described in this complaint.

4. Defendants Kevin Groom-lieutenant, Billy Orr-captain, Wilbert Jacobs-sergeant, Alton Montgomery-lieutenant, Rayburn Deville-captain, Willis-sergeant, Scott-sergeant, Willie Thomas-lieutenant, Joseph Turner-captain, John A. Doe-sergeant, Eddie Veal-lieutenant, John B. Doe-captain, David Bonnette-assistant warden and Burl Cain-warden, are all each correctional officials at Louisiana State Penitentiary. They are being sued in their individually and official capacities.

5. Defendant Richard Stalder-secretary, is a appointee who's to oversee the Department of Public Safety and Corrections. He is being sued in his individual and official capacity.

6. At all times the defendants have acted under color of law, at all times relevant to this complaint.

Facts

7. On May 19, 1999 App. 9:55 pm Jerrod Wilson-plaintiff was sprayed with chemical pepper gas mace while at Louisiana state Penitentiary, camp-J, Gar 1-right cell #2, (Maced by lieutenant Kevin Groom).

8. Which at the time lieutenant Groom, had a thought that plaintiff Wilson, had Flush contraband down the toilet which was lieutenant Groom's maddly reason why he sprayed mace on plaintiff's side, back and Face.

9. Plaintiff then stated to lieutenant Groom, that just because he (plaintiff) Flushed the toilet in the cell is not a good reason to spray mace on him.

10. Plaintiff then informed lieutenant Groom, of a Fact no inmate's clothes has nothing to do with a rule violation to where a prison official request For a inmate clothes and that it constitutes cruel and unusual punishment and in part violates Due process.

11. Plaintiff Following informed lieutenant Groom and a captain Billy Orr, that as For this Four point position they

was placing him (plaintiFF) in/under was as well as cruel and unusual punishment under the 8th amend. in the entirely manner, due to his clothes were tooken, then plaintiFF hands and legs were restrained outward on the sides of the bunk.

12. Following May 20, 1999, 5:30 Am shiFt plaintiFF was still restrained to an LSP. iron bed, which he plaintiFF was deprived oF Food, water, use oF the toilet and exercise, while sergeant Wilbert Jacobs, lieutenant Alton Montgomery and captain Rayburn Deville, were actively on duty.

13. Following May 20, 1999, 5:30 pm shiFt plaintiFF was still restrained to an LSP. iron bed which he plaintiFF complained oF being deprived oF Food, water, shower, use oF the toilet and exercise while sergeant Willis, lieutenant Kevin Groom and captain Billy Orr, were actively on duty, including wasn't allowed to go to the hospital as medical personnel ordered.

14. Following May 21, 1999, 5:30 Am shiFt plaintiFF was still restrained to an LSP. iron bed which he plaintiFF complained oF being deprived oF Food, water, use oF the toilet and exercise while sergeant Scott, lieutenant Willie Thomas and captain Joseph Turner, were actively on duty.

15. Following May 21, 1999, 5:30 pm shift plaintiff was still restrained to an LSP, iron bed which he plaintiff complained of being deprived of Food, water, use of the Toilet, a shower and exercise while sergeant John A. Doe, lieutenant Eddie Veal and captain John B. Doe, were actively on duty.

16. Following May 22, 1999, 5:30 Am shift plaintiff was still restrained to an LSP, iron bed which he plaintiff complained of being deprived of Food, water, use of the Toilet and exercise while sergeant Scott, lieutenant Willie Thomas and captain Joseph Turner, were actively on duty.

17. Following approximately 11:30 Am, May 22, 1999 the plaintiff was unrestrained From the above said (4) Four point, by an lieutenant Willie Thomas.

18. That David Bonnette, as assistant warden of camp-J, is responsible For the daily operation of the management program which includes proper supervision of but not limited to the disciplinary review boards and the camp-J, committee.

19. That Burl Cain, as head warden is responsible For the daily operation of the Louisiana State Penitentiary including the conditions of confinement of prisoners therein. He is the

one who promulgated and or approved the L.S.P. directive that allows security to chain plaintiff to the iron bed for four days indefinitedly for non-psychiatric or medical conditions upon proper examination and orders by license doctor(s).

20. That Richard Stalder, as secretary of corrections, he is responsible for establishing all rules and regulations for the disciplining of all prisoners and to provide all them a copy pursuant to La. R.S. 15:829. He is further charge by the state constitution to see that every prisoner is treated in an humane manner under constitutional conditions of confinement. Finally he's charged with not compling with all federal consent decrees and Court, orders.

Claims for Relief

21. The actions of defendant Kevin Groom, in using excessive force of spraying chemical pepper gas mace on plaintiff without need or provocation; following to deprive plaintiff of a shower thereafter spraying mace on him; then restraining plaintiff to a iron bed which caused plaintiff deprivation of water to drink and use of the cell toilet were done maliciously and sadistically and constitutes cruel and unusual punishment

deliberate indifference; and assault an battery under La. R.S. 14:35, due to the misuse of chemical pepper gas mace sprayed on plaintiff in violation of the Eighth Amendment of the United States Constitution; Further to seize the plaintiff T-shirt and undershorts by defendant Kevin Groom (May 19, 1999) constituted deliberate indifference in violation of the Fourth Amendment of the United States Constitution.

22. The actions of defendant Billy Orr, in failing to take action over this said mentioned above May 19, 1999 matter by not allowing plaintiff to take a shower thereafter knowing plaintiff was illegal sprayed with mace and assisting defendant Kevin Groom, restrain plaintiff to a iron bed without any clothing on the plaintiff, knowing the plaintiff would be deprived of water to drink and use of the toilet, were done maliciously and sadistically and constituted cruel and unusual punishment also deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

23. May 20, 1999, 5:30 Am the actions of defendants Wilbert Jacobs, Alton Montgomery and Raybum Deville, in Failing to provide plaintiFF with Food, water, use of the Toilet and exercise, were done maliciously and sadistically and constituted cruel and unusual punishment also deliberate indiFFerence in violation oF the Eighth Amendment of the United States Constitution.

24. 5:30 pm, May 20, 1999 the actions of defendants Sergeant Willis, Kevin Groom and Billy Orr, in Failing to provide plaintiFF with Food, water, use of the toilet, a shower, exercise and medical treatment, were done maliciously and sadistically and constituted cruel and unusual punishment also deliberate indiFFerence in violation of the Eighth Amendment oF the United States Constitution.

25. May 21, 1999, 5:30 Am the actions of defendants sergeant Scott, Willie Thomas and Joseph Turner in Failing to provide plaintiFF with Food, water, use of the Toilet and exercise, were done maliciously and sadistically and constituted cruel and unusual punishment also

deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

26. 5:30 pm, May 21, 1999 the actions of defendants sergeant John A. Doe, Eddie Veal and captain John B. Doe, in failing to provide plaintiff with food, water, use of the toilet, a shower and exercise, were done maliciously and sadistically and constituted cruel and unusual punishment also deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

27. May 22, 1999, 5:30 Am the actions of defendants sergeant Scott, Willie Thomas and Joseph Turner, in failing to provide plaintiff with food (breakfast), water, use of the toilet and exercise, until approximately 11:30 Am of the said above date, were done maliciously and sadistically and constituted cruel and unusual punishment also deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

28. The actions of defendants David Bonnette, Burl Cain, and Richard Stalder, in failure to supervise/intervening assuring that plaintiff is being treated in a humane

manner which includes not to be deprived of the following: a shower thereafter being sprayed with chemical pepper gas mace; provide water to drink; provide food to eat; allowed to use the toilet; provided clothing (T-shirt and undershorts) to wear; provided a meaningful and fair disciplinary hearing before any possible penalty may be imposed, plaintiff were deprived of said above which is a protected liberty interest which also includes the deprived exercise to plaintiff arising from May 19-22, 1999 by defendants subordinates of their continuing known pattern due to the ARP's and disciplinary reports allowing said acts are accessories under La. R.S. 14:23, (2) said above not including the disciplinary hearing issue, were allowed maliciously and sadistically and constitutes cruel and unusual punishment also deliberate indifference in violation of the Eighth Amendment of the United States Constitution; Further, failure to comply with their contractual obligation of the Federal consent decree helded in <u>Ralph V. Dees</u>, 71-94 (La. M.D. 1975) (disciplinary procedural constitutes the violation of the Fourteenth Amendment of the United States Constitution.

V. RELIEF:

State briefly exactly what you want the court to do for you. MAKE NO LEGAL ARGUMENTS. CITE NO CASES OR STATUTES.

See Attached Documents

Signed this ____________ day of ____________, 20 03.

______________________________

Jerrod A. Wilson
(Signature of Plaintiff or Plaintiffs)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed On: ______________________________

Jerrod A. Wilson
Signature of Movant

______________________________
Signature of Attorney (if any)

Relief

A. Issue a declaratory judgment stating that:

1.) The physical abuse applied on plaintiff, by defendant Kevin Groom, by the use of chemical pepper gas mace and restraining plaintiff to a iron bed violated the plaintiff's right under the Eighth Amendment to the United States Constitution and constitutes a assault and battery under state law La.R.S.14:35, due to the use of mace.

2.) The seizing of plaintiff's T-shirt and undershorts viola-ted by defendant Kevin Groom, violated the Fourth Amend-ment to the United States Constitution.

3.) Defendants Jacobs, Montgomery, Deville, Willis, Scott, Thomas, Turner, John A. Doe, Veal, John B. Doe, failures to provide the plaintiff food, water, use of the toilet, shower(s) and exercise violated plaintiff right under the Eighth Amendment to the United States Constitution.

4.) That defendants David Bonnette, Burl Cain and Richard Stalder, has breached their contractual obligation of Ralph V. Dees, 71-94 (La. M.D. 1975), Federal consent decree.

B. Issue a injunctive order:

1.) Of a hold be placed on the prison (LSP).

C. Reward Damages

1.) Compensatory and Punitive damages From defendants;

2.) Reward attorney Fees and or Pro Se Fees; 28 U.S.C. 1988, La. Cr. C.P. 15:1185;

3.) Trial by Jury and Judge;

4.) Reward any and all other monetary and equitable relief that plaintiff is entitled to by law;

5.) All costs of these proceedings are to be paid for by the defendants.

Jerrod A. Wilson

Jerrod A. Wilson #254839

Please Serve

Kevin Groom-lieutenant
Billy Orr- Captain
Wilbert Jacobs-sergeant
Alton Montgomery-lieutenant
Rayburn Deville- captain
Willis - sergeant
Scott- sergeant
Willie Thomas-lieutenant
Joseph Turner- captain
John A. Doe - sergeant
Eddie Veal- lieutenant
John B. Doe- captain
David Bonnette-assistant warden
Burl Cain- Warden
Richard Stalder-Secretary of Dept. of Corrs.

at: 504 MayFlower Street
Baton Rouge, La. 70821